United States District Court
Southern District of Texas

**ENTERED**

March 04, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALID MOUZGUI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00996 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Khalid Mouzgui, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, he filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 1.

At the time the petitioner filed this petition, the Fifth Circuit had just decided *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

The pleadings reflect that Petitioner is a noncitizen who entered the United States without inspection. The attachments to the pleadings show that petitioner was placed in removal proceedings in 2002 and his removal order may be final because there are no future hearings scheduled for his case. *See* Doc. No. 2-1 at 5 (Automated Case Information for Petitioner showing that "The immigration judge ordered REMOVAL" with a decision date of April 23, 2002; the appeal was dismissed on August 28, 2002; and there are no future hearings for this case). If petitioner has a final order of removal, he is being held under 8 U.S.C. § 1231(a), not 8 U.S.C. § 1225 or 8 U.S.C. § 1226. Any detention claim under *Zadvydas v. Davis*, 121 S. Ct. 2491 (2001), is premature because the petitioner does not allege or show that he has been detained for more than six months and that "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 2505.

Petitioner does not allege that his removal order is final and instead contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond in removal proceedings prior to a final order of removal, and that he has been miscategorized as a detainee subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Even if Petitioner's order of removal is not final, his arguments regarding sections 1225 and 1226 are foreclosed by *Buenrostro-Mendez, supra*.

In addition, Petitioner's Fifth Amendment Due Process Clause claim is precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that

2 / 3

"§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Petitioner's claims under the Administrative Procedure Act ("APA"), for a stay of removal, and under the Suspension Clause are also unavailing. The APA claim fails because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704. The stay of removal claim fails because this court lacks jurisdiction to order any stay of removal. Finally, the Suspension Clause claim fails because Petitioner has not been deprived of the opportunity to file a habeas petition regarding his detention claim.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to *Buenrostro-Mendez v. Bondi*, *supra*, Petitioner is granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED**.

SIGNED this ____4ᵗʰ____ day of March 2026.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE